IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NELSON PIZARRO, | : | |
|     Petitioner, | : | |
| | : | No. 1:19-cv-343 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN DOUGLAS K. WHITE, | : | |
|     Respondent. | : | |

**<u>MEMORANDUM</u>**

On February 27, 2019, Petitioner Nelson Pizarro ("Pizarro"), a prisoner confined at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Pizarro asserts that he is entitled to immediate recalculation of his good time credit in light of the First Step Act of 2018, Pub. L. 115-391, signed into law on December 21, 2018. (Doc. No. 1-1 at 1.) He claims that under this recalculation, he is entitled to an addition 35 days of good time credit, which would allow him to both be released earlier and be eligible to go to a residential reentry center ("RRC") earlier. (*Id.* at 2.) Pizarro further argues that delayed implementation of the First Step Act's good time provisions violations due process. (Doc. No. 1 at 2.)

Pizarro paid the requisite $5.00 filing fee on March 26, 2019. Accordingly, on March 27, 2019, the Court directed Respondent to show cause why Pizarro should

not receive the relief he seeks. (Doc. No. 4.) Respondent filed his response on April 16, 2019 (Doc. No. 6), and Pizarro filed a traverse on April 26, 2019 (Doc. No. 7). Accordingly, this matter is ripe for disposition. For the following reasons, Pizarro's § 2241 petition will be dismissed without prejudice.

**I.     BACKGROUND**

In 2015, Judge Bloom of the United States District Court for the Southern District of Florida sentenced Pizarro to 60 months of incarceration for possession with intent to distribute 100 grams or more of heroin. (Doc. No. 6 Ex. A, Attach. 1 at 3.) His release date is currently set for October 8, 2019. (*Id.* at 2, 4.) So far, Pizarro has earned a total of 122 days of good time credit. (*Id.*, Attach. 3 at 2.) He is expected to receive a total of 200 days of good time credit. (*Id.*)

The Bureau of Prisons ("BOP") has a multi-step procedure for inmates to grieve aspects of their imprisonment. *See* 28 C.F.R. §§ 542.10-542.19. First, an inmate should attempt informal resolution of the issue with the appropriate staff member. *Id.* § 542.13(b). If informal resolution is unsuccessful, the inmate may file a formal written grievance with the Warden, using the appropriate form, within twenty (20) days of the date of the events forming the basis of the grievance. *Id.* § 542.14(a). An inmate dissatisfied with the Warden's response may appeal it to the Regional Director within twenty (20) days of the Warden's response. *Id.*

§ 542.15(a). Finally, an inmate may appeal the Regional Director's response to the BOP's General Counsel within thirty (30) days of the Regional Director's response. *Id.* Pizarro has not submitted any administrative remedy requests regarding his good time credits. (Doc. No. 6 Ex. A, Attach. 2.)

## II. DISCUSSION

Section 102(b)(1) of the First Step Act "amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year." *Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 WL 727794, at *1 (E.D. Ky. Feb. 20, 2019). However, these provisions do not take effect until the Attorney General completes the "risk and needs assessment system," which must be completed within 210 days after December 21, 2018, as provided by sections 101(a) and 102(b)(2) of the First Step Act. *See id.* at *2. Thus, section 102(b)(1) "will not take effect until approximately mid-July 2019." *Christopher v. Wilson*, No. 4:19-cv-214-O, 2019 WL 1745968, at *1 (N.D. Tex. Apr. 18, 2019). Accordingly, Pizarro's argument that he is entitled to immediate relief lacks merit, and his request for a recalculation of his good-time credit based upon the amendments is premature. *See Schmutzler*, 2019 WL 727794, at *2 (summarily dismissing § 2241 petition based on delayed effective date of the First Step Act as premature and because petitioner failed to exhaust administrative

remedies); *see also Brown v. Warden of FCI Williamsburg*, No. 8:19-cv-00546-HMH-JDA, 2019 WL 1780747, at *6-7 (D.S.C. Mar. 25, 2019); *Rizzolo v. Puentes*, No. 1:19-cv-00290-SKO-HC, 2019 WL 1229772, at *3 (E.D. Cal. Mar. 15, 2019) (same); *Sheppard v. Quintana*, No. 5:19-cv-084-DCR, 2019 WL 1103391, at *2 (E.D. Ky. Mar. 8, 2019) (same); *Sennett v. Quintana*, No. 5:19-cv-085-JMH, 2019 WL 1085173, at *2 (E.D. Ky. Mar. 7, 2019) (same).

Moreover, Pizarro's argument that delayed implementation of these provisions violates due process lacks merit. As the United States District Court for the Eastern District of New York has stated,

> [t]he law is clear that inmates are not a suspect class. As to the question of fundamental rights, the good time credit statute merely authorizes the BOP to offer prisoners the benefit of a reduced sentence in exchange for good behavior. *See* 18 U.S.C. § 3624(b). It therefore does not implicate any fundamental right implicitly or explicitly guaranteed by the Constitution. The BOP's policy of calculating good time credits is therefore subject only to rational basis review.

*Perez v. Zenk*, No. 04-CV-5069 (CBA), 2005 WL 990696, at *4 (E.D.N.Y. Apr. 11, 2005); *see Molina v. Underwood*, No. 3:19-cv-641-K-BN, 2019 WL 1533444, at *2 (N.D. Tex. Mar. 19, 2019) (summarily dismissing § 2241 petition seeking immediate recalculation of good-time credit under the First Step Act and rejecting equal protection and due process claims).

Finally, Pizarro argues that "[t]here is no requirement that [he] exhaust administrative remedies within the BOP before seeking relief from this Court." (Doc. No. 7 at 4.) While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Id.* at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion, however, is not required when it would not promote these goals, such as when exhaustion would be futile. *See, e.g.*, *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998).

Pizarro argues that exhaustion would be futile because the BOP "has made a predetermination on the issue." (Doc. No. 1 at 3.) He asserts that without the Court's intervention, he "faces imminent irreparable harm in the form of over-service of his sentence as well as impact [to] his placement in RRC or on home confinement." (Doc. No. 7 at 4.) Pizarro's conclusory allegations, however, are insufficient to

excuse his failure to pursue his available administrative remedies. *See Schmutzler*, 2019 WL 727794, at *2; *cf. Ross v. Martinez*, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (noting that this Court has "consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark [in challenges to RRC placement under the Second Chance Act]'"). Thus, Pizarro must first request the relief he seeks through the BOP's administrative process before pursuing his claim in this Court.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss Pizarro's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) without prejudice. An appropriate Order follows.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: April 30, 2019